Abigail V. O'Brient (*pro hac vice pending*)
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4826
aobrient@cov.com

Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
bhunsicker@MarkusWilliams.com
PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
MODE ELEVEN BANCORP

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) |
| | ) |
| MODE ELEVEN BANCORP, | ) Chapter 11 |
| | ) |
| | ) |
| | ) Case No. 25-20240 |
| Debtor in Possession. | ) |

## EX-PARTE MOTION TO SHORTEN NOTICE PERIOD
## FOR FORTHCOMING MOTION

Mode Eleven Bancorp ("Debtor"), debtor-in-possession herein, by and through its

undersigned proposed counsel, hereby files its motion (the "Motion") pursuant to Local

Rule 2002-1(D) to shorten the notice period on the following forthcoming motion: the

*Debtor's Motion for Entry of an Order (I) Approving the Bidding Procedures; (II)*

*Approving Bid Protections; (III) Approving Procedures for Assumption and Assignment of*

*Certain Executory Contracts and Related Notices; (IV) Scheduling the Bid Deadline, the*

*Auction and Sale Hearing; (V) Approving the Form and Manner of Notice Thereof; and*

*(VI) Granting Related Relief* (the "Bid Procedures Motion") whereby Debtor will seek this

Court's entry of an Order (i) approving the proposed bidding procedures for the sale of

substantially all of the Debtor's assets; (ii) approving certain bid protections in the event

that a stalking horse bidder is designated by the Debtor; (iii) establishing procedures for

assumption and assignment of certain executory contracts and related notices; (iv)

scheduling the bid deadline, auction, if any, and sale hearing, (v) approving the form and

manner of notice thereof; and (vi) granting related relief.  In support of this Motion, the

Debtor states as follows:

1.      On June 9, 2025, (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court

for the District of Wyoming (the "Court").

2.      The Debtor is authorized to operate its business and manage its property as

debtor-in-possession under Bankruptcy Code sections 1107(a) and 1108. No creditors'

committee is appointed in the chapter 11 case by the Office of the United States Trustee,

nor has any trustee or examiner been requested or appointed.

3.      The Debtor is a bank holding company organized under the laws of the State

of Wyoming. The Debtor's primary asset is 100 percent of the outstanding equity in

Summit National Bank (the "Bank"), a national banking association with three branch

locations across Wyoming, Montana, and Idaho.  The Bank is not a debtor in this Chapter

11 case and continues to operate in the ordinary course of business.

2

4.        A description of the Debtor's business, the reasons for filing this chapter 11 case and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set more fully described in the *Declaration of John Miller, CEO of Mode Eleven Bancorp, in Support of Chapter 11 Petition and Related Motions* (the "First Day Declaration"), which the Debtor hereby adopts and incorporates as if fully set forth herein.

5.        Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1), the Court for cause shown may in its discretion shorten the period for notice required by Federal Rule of Bankruptcy Procedure 2002 and Local Bankruptcy Rule 9013-1. Pursuant to Local Bankruptcy Rule 2002-1(D), the Court may consider motions to shorten or limit notice on an *ex parte* basis.

6.        Based on the circumstances of this case, the Debtor believes it prudent to request, in advance, Court authority to shorten the notice periods of the forthcoming Bid Procedures Motion.

7.        To maximize the value of its assets for the benefit of the Debtor's estate and its creditors, the Debtor proposes to hold a public auction sale of the Debtor's interests in the Bank. The Debtor's application to employ Hovde Group LLC as investment banker to the Debtor to assist in the sale process is currently pending before the Court, and marketing efforts are underway. To that end, through the Bid Procedures Motion, the Debtor proposes to implement a competitive bidding process designed to achieve the best and highest possible recovery for the Debtor's estate (the "Bidding Procedures"), and the Debtor seeks the Court's approval of the Bidding Procedures to govern the process for the auction sale.

3

8.      The Bidding Procedures are intended to permit an expedited sale process to ensure that there is no disruption in the Debtor's and Bank's operations pending closing of the sale, while simultaneously fostering an orderly and fair sale process. Under the proposed Bidding Procedures, the Debtor contemplates seeking approval of the sale at a sale hearing to be held on August 4, 2025, shortly after the auction. The Debtor determined, in consultation with its advisors, including but not limited to the Debtor's proposed investment banker, that the Bidding Procedures, including the proposed timeline for the auction and sale hearing, establish a framework that is most likely to maximize the value of the assets for the benefit of the Debtor's estate and its creditors. The timeline proposed in the Bidding Procedures by the Debtor, in consultation with its proposed investment banker, is not an unusual timeline for the marketing and sale of assets of this nature. Further, the Debtor believes in its reasonable business judgment that the Bidding Procedures is the best strategy for maximizing the value of the Debtor's assets for the benefit of the various stakeholders.

9.      Due to the facts and circumstances of this chapter 11 case, including, but not limited to, potential regulatory enforcement actions by the Office of the Comptroller of the Currency (the "OCC") and/or the Board of Governors of the Federal Reserve System (the "FRB"), it is critical the Debtor obtains approval of the Bidding Procedures forthwith. Obtaining approval of the Bidding Procedures on shortened notice and on an expedited basis is necessary and critical for the Debtor to maintain the timeline proposed in the Bidding Procedures. As explained further in the First Day Declaration, the Bank and the Debtor have been subject to regulatory action, including entry of consent orders by the

OCC and FRB.  In light of these prior regulatory actions, there is a heightened risk that the OCC or FRB may take further regulatory action – including, potentially, regulatory actions that would impair the value of the Debtor's equity interests in the Bank – in the event of further deterioration of the Bank's condition before a financially capable buyer has been identified.  In other words, time is of the essence with respect to the proposed sale of the Debtor's assets in order to preserve the value of such assets.

10.     The Debtor submits that it is in the best interest of the estate, creditors, parties in interest and stakeholders for any hearing on the Bid Procedures Motion, if needed, to be held as soon as possible. Prompt entry of an order approving the Bid Procedures Motion will provide prospective purchasers with clarity regarding the sale process timeline, as the Debtor continues the process it commenced prepetition to aggressively market its assets to and solicit bids from potential bidders, which the Debtor believes, in its business judgment, will maximize interest in the sale and lead to the highest possible sale price at the auction.

11.     Moreover, the proposed deadline is only with respect to the Bidding Procedures, and interested parties will still have the full amount of time required under Federal Rule of Bankruptcy Procedure 2002 to evaluate and respond to the proposed sale to be consummated.

12.     Consistent with the Court's availability, and the availability of representatives of the Debtor and Debtor's professionals, the Debtor respectfully requests the Court enter an order shortening the notice period for the Bid Procedures Motion to fourteen (14) days, such that objections to the Bid Procedures Motion be filed on or before fourteen (14) days after service of notice of the Bid Procedures Motion and any order

granting the present Motion.  Further, the Debtor respectfully requests the Court set an evidentiary hearing on the Bid Procedures Motion as expeditiously thereafter as the Court's calendar allows, in the event any objections are filed in response to the Bid Procedures Motion. In light of the expedited timeline under the Bidding Procedures, the Debtor respectfully requests that if no objections are filed to the Bid Procedures Motion, that the Court waive any hearing requirement on the Bid Procedures Motion.

13.     The Debtor submits no creditors or parties in interest will be prejudiced by granting the relief requested in this motion.

**REQUEST FOR IMMEDIATE RELIEF UNDER FED. R. BANKR. P. 6003(b)**

14.     Pursuant to Federal Rule of Bankruptcy Procedure 6003(b), the Court may grant relief within twenty-one (21) days after the filing of a petition regarding a motion to shorten notice to the extent that such "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Immediate and irreparable harm exists where the absence of relief would threaten the value of the debtor's estate. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing application of immediate and irreparable harm standard as applied to Bankruptcy Rule 4001); *see also In re First NLC Fin. Servs., LLC*, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008) ("The Advisory Committee commentary [to Bankruptcy Rule 6003] plainly suggests that courts rely on the procedures and advanced case law under Rule 4001(b)(2) and (c)(2) for implementation of new Rule 6003."). One court has instructed that irreparable harm is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. *See Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 F. App'x

6

907, 910 (3rd Cir. 2007) (citing *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)).

Furthermore, the harm must be shown to be actual and imminent, not speculative or

unsubstantiated. *See, e.g., Acierno v. New Castle Cnty.*, 40 F.3d 645, 653-55 (3d Cir. 1994)**.**

15.     Here, the relief requested is necessary to avoid immediate and irreparable

harm to the Debtor's business for the reasons set forth above. In light of the regulatory risks

described above, the failure to have the Bid Procedures Motion heard forthwith would have

immediate and detrimental consequences to the Debtor's continued business operations

and would jeopardize the Debtor's efforts to preserve and maximize the value of its estate

to reach a fulsome bidding, auction and sale process, to the detriment and prejudice of all

of the Debtor's stakeholders. Thus, if the relief requested herein is not granted, it would

cause the Debtor's estate immediate and irreparable harm by stifling the Debtor's

reorganization and impending sale process.

16.     For the reasons discussed herein, the relief requested is necessary for the

Debtor to proceed with the desired sale process and preserve and maximize the value of its

estate for the benefit of all stakeholders. Accordingly, the Debtor submits it has satisfied

the "immediate and irreparable harm" requirement under Federal Rule of Bankruptcy

Procedure 6003 to support an immediate grant of the relief herein.

WHEREFORE, the Debtor respectfully requests entry of an order: (i) shortening the

notice period for the Bid Procedures Motion requiring that objections to the Bid Procedures

Motion be filed on or before fourteen (14) days after service of notice of the Bid Procedures

Motion and any order granting the present Motion; (ii) setting a final evidentiary hearing

on the Bid Procedures Motion as expeditiously thereafter as the Court's calendar allows, if

necessary; and (iii) entering such further and other relief as the Court deems necessary and

appropriate under the circumstances.

Dated:  Cheyenne, Wyoming
        June 18, 2025

MARKUS WILLIAMS YOUNG &
HUNSICKER LLC

By:  /s/ *Bradley T. Hunsicker*
Bradley T. Hunsicker (WY Bar No 7-4579)
Lacey S. Bryan (WY Bar No 8-7016)
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
Email: bhunsicker@markuswilliams.com
       lbryan@markuswilliams.com

COVINGTON & BURLING LLP

By: /s/ *Abigail V. O'Brient*
Abigail V. O'Brient (*pro hac vice pending*)
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4826
aobrient@cov.com

*Proposed Counsel for the Debtor and
Debtor-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the *Ex-Parte Motion to Shorten Notice Period for Forthcoming Motion* was served on June 18, 2025, via CM/ECF, upon the following parties who have entered their appearance in the captioned matter.

Paul Arthur Jordan paul@np3llc.com, ecf.alert+JordanWY@titlexi.com

Daniel J. Morse daniel.j.morse@usdoj.gov

US Trustee USTPRegion19.cy.ecf@usdoj.gov


/s/ Bradley T. Hunsicker
Bradley T. Hunsicker