Abigail V. O'Brient (*pro hac vice pending*)
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: + 1 (424) 332-4846
Email:  aobrient@cov.com

Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email:  bhunsicker@markuswilliams.com

PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
MODE ELEVEN BANCORP

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| MODE ELEVEN BANCORP, | ) |
| | ) Case No. 25-20240 |
| | ) |
| Debtor in Possession | ) |

**MOTION FOR EXTENSION OF DEADLINE TO FILE STATEMENT OF
FINANCIAL AFFAIRS**

Debtor Mode Eleven Bancorp (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case, by and through undersigned proposed counsel, hereby files this motion (the "Motion") for entry of an order (the "Order") extending the deadline set forth in the *Notice of Incomplete Filing and Intent to Dismiss Case* [Dkt. 7] (the "Deficiency Notice") in order to allow the Debtor to file its statement of financial affairs (the "Statement") on or before June 30, 2025 (the "Extended Deadline"). In

support of this Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1. This Bankruptcy Court (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is section 1116(3) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 1007 and 9006, and Local Bankruptcy Rule 1007-1.

## BACKGROUND

4. On June 9, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code, commencing the above-captioned case. The Debtor continues to manage its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No creditors' or other committee has been formed.

5. On June 9, 2025, the Court entered the Deficiency Notice, whereby the Court directed the Debtor to file certain documents, including the Statement, on or before June 23, 2025 (the "Statement Deadline").

6. The Debtor has limited operations, and all of the personnel who support the Debtor also serve as employees of Summit National Bank (the "Bank"). For example, John Miller is the President and Chief Executive Officer of the Debtor, as well as Chief

Executive Officer of the Bank. *See Declaration of John Miller, CEO of Mode Eleven Bancorp, in Support of Chapter 11 Petition and Related Motions* (the "First Day Declaration"), Dkt. 6 at ¶ 2. As further described in the First Day Declaration, the Bank, a key asset of the Debtor's estate, is currently facing significant regulatory scrutiny. *See id.* at ¶¶ 20-25. Given these circumstances, the Debtor's personnel have had limited capacity to assist with the preparation of schedules and statements. With the assistance of counsel, the Debtor has been able to timely file almost all of the outstanding documents included in the Deficiency Notice. However, the Debtor has not yet been able to complete the Statement.

7. In addition, as described in the *Global Notes, Methodology, and Specific Disclosures Regarding Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* [Dkt. 51], in December 2023, new management assumed control over the Debtor's operations. Current management has made significant efforts to interpret and, where appropriate, correct the books and records predating their tenure. However, even with these records, books and records predating December 2023 do not reliably provide usable information. As a result, compiling and confirming certain information required by the Statement, prior to the Statement Deadline, has been impossible.

8. Accordingly, Debtor has filed this Motion seeking an extension of the Statement Deadline by one week. The Debtor has made significant progress on the Statement, and anticipates completing and filing the Statement well before the Extended Deadline. However, the Debtor requests June 30, 2025 as the Extended Deadline in an abundance of caution, given the competing demands on the time of the Debtor's limited

personnel.

9. In light of the foregoing, the Debtor submits that cause exists for the Court to grant the Motion, as required by Federal Bankruptcy Rules 1007(a)(5) and 9006(b)(1)(A). The Debtor further submits that, as the Extended Deadline falls before the date set for the meeting of the creditors, and is before the date that is 30 days after the Petition Date, Debtor need not show exceptional circumstances. *See* L.B.R. 1007-1(B) (requiring a showing of "exceptional circumstances" for the Court to grant an extension of time to file schedules and the statement of financial affairs past the date set for the meeting of creditors); 11 U.S.C. § 1116(3) (requiring a "finding of extraordinary and compelling circumstances" to extend the deadline to file schedules and the statement of financial affairs to "a date later than 30 days after the date of the order for relief"). Therefore, upon cause shown, the Debtor respectfully requests the entry of the proposed Order.

## **NOTICE**

10. A copy of this Motion and proposed order will be served electronically via the Court's CM/ECF system upon the Office of the United States Trustee, the Subchapter V Trustee, and those appearing and requesting notice. The Debtor submits that, considering the nature of the relief requested, no other or further notice need be given.

**WHEREFORE,** the Debtor respectfully requests the Court enter an order, substantially in the form of proposed order attached hereto, extending the deadline for the Debtor to file the Statement to June 30, 2025, and granting any such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 23, 2025, I caused a true and correct copy of the foregoing **MOTION FOR EXTENSION OF DEADLINE TO FILE STATEMENT OF FINANCIAL AFFAIRS** to be served, electronically, upon the parties indicated below via the Court's CM/ECF system:

Paul Arthur Jordan Trustee
paul@np3llc.com, ecf.alert+JordanWY@titlexi.com

Daniel J. Morse on behalf of U.S. Trustee US Trustee
daniel.j.morse@usdoj.gov

US Trustee
USTPRegion19.cy.ecf@usdoj.gov

                                                 */s/ Bradley T. Hunsicker*
                                                  Bradley T. Hunsicker