Abigail V. O'Brient (*pro hac vice pending*)
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4826
Email: aobrient@cov.com

Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@MarkusWilliams.com

PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
MODE ELEVEN BANCORP

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re: | ) |
| | ) |
| MODE ELEVEN BANCORP, | ) Chapter 11 |
| | ) |
| | ) |
| | ) Case No. 25-20240 |
| Debtor in Possession. | ) |

**MOTION OF DEBTOR AND DEBTOR IN POSSESSION MODE ELEVEN BANCORP FOR AN ORDER: (A) APPROVING THE SHARE PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER INTERESTS; (C) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO BANKRUPTCY CODE SECTION 365; AND (D) GRANTING RELATED RELIEF**

Mode Eleven Bancorp ("Debtor"), debtor-in-possession herein, by and through its undersigned proposed counsel, hereby files this motion (the "Sale Motion") for entry of an

1

order: (i) approving the Share Purchase Agreement (as defined below) and authorizing the sale (the "Sale") of substantially all assets of the Debtor (the "Assets") to the Successful Bidder(s) and, in the event such Successful Bidder(s) fails to close, the Backup Bidder(s); (ii) authorizing the sale of the Assets free and clear of all liens, claims, rights, encumbrances and other interests; (iii) authorizing the assumption and assignment of certain executory contracts pursuant to 11 U.S.C. § 365; and (iv) granting such other and further relief as is just and proper.[1]

In support of this Sale Motion, the Debtor respectfully states as follows.

## JURISDICTION

1. This Bankruptcy Court (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Bankruptcy Code sections 363, 365, and 1107 and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006, and 9014, and Local Bankruptcy Rule 2002-1.

## BACKGROUND

**A.    The Petition and Bidding Procedures Motion**

4. On June 9, 2025 (the "Petition Date"), the Debtor filed a voluntary petition

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

2

for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No creditors' or other committee has been formed.

5. As described in more detail in the *Declaration of John Miller in Support of Debtor's Chapter 11 Petition and Related Motions* (the "First Day Declaration") [Dkt. 6] the Debtor, with the assistance of its advisors, has examined the alternatives to a sale of its Assets and has determined that, considering the Debtor's financial situation, the regulatory issues facing the Debtor and the Bank, and the value of the Assets, a more viable alternative to sale of the Assets does not exist. *See id*. at ¶¶ 29-35.

6. In support of the Debtor's sale of the Assets, the Debtor filed the *Motion for Entry of an Order (I) Approving the Bidding Procedures; (II) Approving Bid Protections; (III) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and Related Notices; (IV) Scheduling the Bid Deadline, the Auction and Sale Hearing; (V) Approving the Form and Manner of Notice Thereof; and (VI) Granting Related Relief* (the "Bidding Procedures Motion")[2] seeking an order (the "Bidding Procedures Order") approving procedures (the "Bidding Procedures") proposed by the Debtor in order to facilitate the sale of the Assets.[3] A hearing on the Bidding Procedures

---

[2] All capitalized terms not defined herein have the meanings ascribed to them in the Bidding Procedures Motion.

[3] As described in further detail in the *Declaration of Kirk S. Hovde in Support of Bidding Procedures* [Dkt. 30] (the "Hovde Declaration"), the Debtor, with the assistance of its advisors, continues to engage in a thorough marketing process for the Assets.

3

Motion is scheduled for July 10, 2025. [Dkt. 41]. The Debtor, in consultation with its advisors and in an exercise of its business judgment, has determined that the sale of the Assets, using the Bidding Procedures, will optimize value for its estate and all stakeholders.

7. On June 23, 2025, notice of the Bidding Procedures Motion, the proposed Bidding Procedures Order, the proposed Bidding Procedures and the Court's *Order Approving Debtor's Ex-Parte Motion to Shorten Notice Period for Forthcoming Motion* [Dkt. 33] were served on all creditors on the Debtor's mailing matrix.

**B.     The Proposed Form Share Purchase Agreement**

8. Attached hereto as **Exhibit A** is the form of Share Purchase Agreement (the "Share Purchase Agreement") being provided to potential bidders. The proposed Bidding Procedures require all potential bidders to submit a proposed Share Purchase Agreement marked against the Share Purchase Agreement. Following designation of the Successful Bidder and any Backup Bidder, and in advance of the Sale Hearing, the Debtor will file a notice attaching such Successful Bidder's Share Purchase Agreement, any such Backup Bidder's Share Purchase Agreement, and redlines of such agreements against the Share Purchase Agreement.

## RELIEF REQUESTED

9. By this Sale Motion, the Debtor requests entry of an order, substantially in the form of the proposed Sale Order filed herewith: (a) approving the Share Purchase Agreement, as modified prior to the Sale Hearing with respect to the Sale to the Successful Bidder and/or Backup Bidder; (b) authorizing the Sale, pursuant to § 363(b) and § 363(m),

of the Assets to the Successful Bidder(s) (which Successful Bidder(s) shall, in accordance with the Bidding Procedures, include any Backup Bidder subsequently deemed to be a Successful Bidder) subject to the terms of such Share Purchase Agreement; (c) authorizing the Sale of the Assets free and clear of all liens, claims, rights, encumbrances and other interests under § 363(f); (d) authorizing the assumption and assignment of certain executory contracts pursuant to § 365; and (e) granting related relief.

## ARGUMENT

### A. The Sale Should be Approved as an Exercise of the Debtor's Sound Business Judgement

10. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated various ways, represent essentially a business judgment test." 3 COLLIER ON BANKRUPTCY P 363.02 (16th ed. 2020); *see also Allen v. Absher (In re Allen)*, 607 F. App'x 840, 843 (10th Cir. 2015) (citing *In re Caste, Inc.*, 312 B.R. 426, 428 (Bankr. D. Colo. 2004)) ("The 'business judgment' test applies to determine whether a sale under § 363(b) should be approved."). A sale of the debtor's assets should be authorized pursuant to § 363 if a sound business purpose exists. *See, e.g.*, *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper* (*In re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991)); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

11. Courts typically consider the following factors in determining whether a sale of a debtor's assets satisfies this standard: (1) whether a sound business reason exists for the sale; (2) whether there has been adequate and reasonable notice to interested parties; (3) whether that the sale price is fair and reasonable; and (4) whether the proposed buyer is proceeding in good faith. *In re Med. Software Sols.*, 286 B.R. 431, 439–40 (Bankr. D. Utah 2002); *In re Decora Indus., Inc.*, No. 00-4459 JJF, 2002 WL 32332749, at *2 (D. Del. May 20, 2002) (citing *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991)); *In re The Landing*, 156 B.R. 246, 249 (Bankr. E.D. Mo. 1993) (citing *In re George Walsh Chevrolet, Inc.*, 118 B.R. 99, 102 (Bankr. E.D. Mo. 1990)).

    **(a)    A Sound Business Purpose Exists for the Sale and the Sale Price Is Fair**

12. Here, a sound business purpose exists for the Sale. As described above, the Debtor has sought expert advice and considered all viable alternatives, engaged in extensive consultation with business advisors, and determined that the Sale will maximize the value of the Assets. *See* First Day Declaration at ¶¶ 29-35. The Debtor has proposed Bidding Procedures designed to maximize the purchase price realized from the sale of its Assets, and believes the marketing of the Assets up to the proposed bid deadline will provide a sufficient opportunity for interested parties to submit bids, thereby maximizing recovery for the Debtor's creditors. *See* Hovde Declaration at ¶¶ 6-8.

13. Courts have found that, where there is a court-approved auction process, a full and fair price is presumed to have been obtained for the assets sold, as the best way to determine value is exposure to the market. *See Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203*

*N. LaSalle St. P'ship*, 526 U.S. 434, 457 (1999); *see also In re Trans World Airlines, Inc.*, 2001 WL 1820326, at *4 (Bankr. D. Del. Apr. 2, 2001) ("[I]t is worth noting that a [section] 363(b) sale transaction does not require an auction procedure. The auction procedure has developed over the years as an effective means for producing an arm's length fair value transaction."). Consequently, the Successful Bid(s), after being subject to a "market check" in the form of the Sale process and Auction (if any), will constitute, in the Debtor's business judgment, the highest or otherwise best offer for the Assets and will provide a greater recovery for its estate than any known or practicably available alternative.

14. Thus, the Debtor submits that the Successful Bid(s) will constitute the highest or otherwise best offer(s) for the Assets and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative. As such, the Debtor's determination to sell the Assets through an Auction process and subsequently to enter into the Share Purchase Agreement with the Successful Bidder(s) will be a valid and sound exercise of the Debtor's business judgment. The Debtor will submit evidence at or prior to the Sale Hearing to support these conclusions, as well as a showing to support the fairness of the sale price. Therefore, the Debtor requests that the Court make a finding that the proposed sale of the Assets in accordance with the Bidding Procedures is a proper exercise of the Debtor's business judgment and should be authorized.

**(b) Adequate and Reasonable Notice of the Auction and Sale Will Be Provided**

15. As contemplated by the Bidding Procedures Motion, the Debtor will (a) inform parties in interest of the deadlines for objecting to the Sale or the assumption

and assignment of any executory contracts in connection with any Sale and (b) will provide parties in interest notice of the date, time, and location of the Sale Hearing.

### (c) The Sale Has Been Proposed in Good Faith Without Collusion, and the Successful Bidder or Purchaser Is a "Good Faith Purchaser"

16. The Debtor requests that the Court find that any Successful Bidder(s) is entitled to the benefits and protections provided by section 363(m) of the Bankruptcy Code in connection with the sale of the Assets. Section 363(m) of the Bankruptcy Code provides:

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of Property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such Property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

17. Section 363(m) of the Bankruptcy Code thus protects the purchaser of assets sold pursuant to section 363 of the Bankruptcy Code from the risk that it will lose its interest in the purchased assets if the order allowing the sale is reversed on appeal, as long as such buyer purchased the assets in "good faith." While the Bankruptcy Code does not define "good faith," the Third Circuit in *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986), held that:

> [t]he requirement that a Buyer act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a Buyer's good faith status at a judicial sale involves fraud, collusion between the Buyer and other bidders or the trustee, or an attempt to take grossly

8

unfair advantage of other bidders.

*Id*. at 147 (citations omitted).

18. The Debtor submits that the Successful Bidder(s) will be "good faith purchasers" within the meaning of section 363(m) of the Bankruptcy Code. The Debtor believes that a finding of good faith within the meaning of section 363(m) of the Bankruptcy Code will be appropriate for any Successful Bidder (including any Backup Bidder who is subsequently deemed a Successful Bidder in accordance with the Bidding Procedures).

19. Any Sale will be the result of a robust, intensive postpetition sale process designed to elicit the highest or otherwise best offer for the sale of the Assets, through which all negotiations will be conducted on an arm's-length, good faith basis. *See* Hovde Declaration at ¶¶ 6-8. Any Successful Bidder will have presented a bid which has met the Bidding Procedures' requirements for Qualified Bids. Following a determination of the Successful Bidder(s), the Debtor will file a declaration from each Successful Bidder to further establish such purchaser's good faith and entitlement to the protections of section 363(m). Accordingly, the Debtor believes that the Successful Bidder(s), and any purchase agreement associated in connection therewith, should be entitled to the full protections of section 363(m) of the Bankruptcy Code.

20. The Debtor thus requests that the Court find that any Successful Bidder has purchased the Assets in good faith within the meaning of section 363(m) and is entitled to the protections of sections 363(m) and (n) of the Bankruptcy Code.

**B.  The Proposed Sale Satisfies the Requirements of Section 363(f) of the Bankruptcy Code for a Sale Free and Clear of Liens, Claims, and Interests**

21. The Share Purchase Agreement and the proposed Sale Order contemplate the sale, transfer, and/or assignment of the Assets free and clear of all liens, claims, and encumbrances (other than any Permitted Encumbrances, as defined in the Share Purchase Agreement). Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of third-party interests only if –

 (i) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

 (ii) such entity consents;

 (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

 (iv) such interest is in a bona fide dispute; or

 (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

22. Section 363(f) of the Bankruptcy Code is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the sale of the Assets free and clear of any applicable liens, claims and encumbrances. *See In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988). The Debtor is unaware of any liens or encumbrances on the Assets, but submits that any such lien, claim, and encumbrance satisfies at least one of the five conditions of § 363(f), and that any such lien, claim, or encumbrance will be adequately protected by either being paid in full at the time of closing,

or by having it attach to the sale proceeds, subject to any claims and defenses the Debtor may possess with respect thereto. The Debtor accordingly requests authority to convey its Assets to any Successful Bidder(s), (including any Backup Bidder deemed a Successful Bidder in accordance with the Bidding Procedures), free and clear of all liens, claims, and encumbrances except for the liens, claims, and encumbrances that expressly permitted under the terms of the Share Purchase Agreement, with such liens, claims, and encumbrances to attach to the sale proceeds with the same validity (or invalidity), priority and perfection as existed immediately prior to the Sale, subject to the terms of the Share Purchase Agreement and the Sale Order.

23. Accordingly, this Court should approve the Sale of the Debtor's Assets to a successful bidder free and clear of liens, claims, and encumbrances under section 363(f), and any potential claimants should be compelled to look exclusively to the proceeds of the Sale for satisfaction of their claims.

**C.  Assumption and Assignment of Contracts**

24. In order to enhance the value to the Debtor's estate, the Debtor requests approval of the potential assumption and assignment to the Successful Bidder(s) of the Potentially Assumed Contracts in accordance with the Assumption and Assignment Procedures described in the Bidding Procedures Motion. The Debtor further requests that the Sale Order provide that the Potentially Assumed Contracts may be assigned to, and remain in full force and effect for the benefit of, any Successful Bidder, notwithstanding any provisions in the Potentially Assumed Contracts, including those described in

sections 365(b)(2), (f)(1) and (f)(3), that prohibit such assignment.

25. Section 365(f) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession may assign an executory contract or unexpired lease only if (i) the debtor-in-possession "assumes such contract or lease in accordance with the provisions of" section 365; and (ii) "adequate assurance of future performance by the assignee of such contract or lease is provided." 11 U.S.C. § 365(f)(2). Under section 365(a), a debtor "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Section 365(b)(1), in turn, codifies the requirements for assuming an unexpired lease or executory contract of a debtor, providing that:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee:
>
> a. cures, or provides adequate assurance that the trustee will promptly cure, such default;
>
> b. compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> c. provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

26. Although section 365 does not set forth standards for courts to apply in determining whether to approve a debtor in possession's decision to assume an executory contract, courts have consistently applied a "business judgment" test when reviewing such

a decision. *See, e.g., Grp. of Institutional Invs v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1953); *Matter of Tilco, Inc.*, 558 F.2d 1369, 1373 (10th Cir. 1977); *In re J.H. Land & Cattle Co., Inc.,* 8 B.R. 237, 238 (Bankr. W.D. Okla. 1981); *see also N.L.R.B. v. Bildisco & Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3rd Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of "bad faith, whim or caprice." *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985).

27. A debtor satisfies the "business judgment" test when it determines, in good faith, that assumption of an executory contract will benefit the estate and the unsecured creditors. *In re FCX, Inc.*, 60 B.R. 405, 411 (Bankr. E.D.N.Y. 1986). The potential assumption and assignment of the Potentially Assumed Contracts will be a necessary part of the deal that Debtor has struck with the Successful Bidder(s) and, as stated above, will benefit the estate of Debtor. Therefore, the assumption and assignment of the Potentially Assumed Contracts should be approved as an appropriate exercise of the Debtor's business judgement.

28. Any successful bidder is responsible for providing evidence of "adequate assurance of future performance" to the extent required in connection with the assumption and assignment of Potentially Assumed Contracts. The meaning of "adequate assurance of future performance" for the purpose of the assumption of executory contracts and

13

unexpired leases pursuant to section 365 depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes, Inc. v. Arrari* (*In re Carlisle Homes, Inc.*), 103 B.R. 524, 538 (Bankr. D.N.J. 1989); *see also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean an absolute assurance that debtor will thrive and pay rent); *see also In re Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985).

29. The Debtor respectfully submits that the Assumption and Assignment Procedures are appropriate and reasonably tailored to provide Counterparties with adequate notice of the potential assumption and assignment of their contracts and leases, as well as proposed Cure Costs, if any. Prior to the Sale Hearing, Counterparties to the Potentially Assumed Contracts will have the opportunity to object to the Cure Costs listed in the Assumption and Assignment Notice or Supplemental Assumption and Assignment Notice, as applicable, or to the assumption and assignment of the Potentially Assumed Contracts on other grounds, including concerns regarding inadequate assurance of future performance. If necessary, the Successful Bidder will provide evidence of its ability to provide adequate assurance to Counterparties to the Potentially Assumed Contracts prior to or at the Sale Hearing.

30. Accordingly, the Debtor submits that notice of the proposed assumption and assignment of the Potentially Assumed Contracts to a Successful Bidder(s) (including any Backup Bidder deemed a Successful Bidder in accordance with the Bidding Procedures) is appropriate under the facts and circumstances of this chapter 11 case and the proposed

Sale, and should be approved as an exercise of the Debtor's business judgment.

### WAIVER OF BANKRUPTCY RULES 6004(H) AND 6006(D)

31. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order unless the court orders otherwise." Similarly, Bankruptcy Rule 6006(d) provides that an "order authorizing the Debtor to assign an executory contract or unexpired lease . . . is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise." The Debtor requests that the Sale Order be effective immediately by providing that the fourteen (14) day stays under Bankruptcy Rules 6004(h) and 6006(d) are waived.

### NOTICE

32. The Debtor, by and through its undersigned attorneys, will provide notice of this motion to: (i) any entities known to have asserted any lien, claim, or encumbrance in or upon any assets comprising the Assets; (ii) all parties to the Potentially Assumed Contracts; (iii) all governmental taxing authorities that have or as a result of the Sale may have claims or liens, contingent or otherwise, against the estate; (iv) all state and local taxing authorities having jurisdiction over any of the Assets, including the Internal Revenue Service; (v) all parties that have filed requests for notice under Bankruptcy Rule 9010(b) or are entitled to notice under Bankruptcy Rule 2002; (vi) all known creditors of the Debtor; (vii) the Office of the United States Trustee for the District of Wyoming; (viii) counsel to any official committee appointed in these cases; and (ix) the subchapter V trustee. The Debtor submits that, in light of the nature of the relief requested, no other or further notice

need be given.

## CONCLUSION

33.     The Debtor's proposed sale of its Assets as described in this Sale Motion is supported by sound business reasons, as set forth herein. The proposed sale is proper, necessary and serves the best interests of the Debtor, its estate and creditors, and all parties in interests. The Debtor thus requests that the Court approve the proposed Sale of its Assets free and clear of all interests, liens, claims, and encumbrances, as requested, to any successful bidder.

**WHEREFORE**, the Debtor respectfully requests that this Court grant this Sale Motion by entering an order: (i) approving the Share Purchase Agreement as modified prior to the Sale Hearing with respect to the Sale to the Successful Bidder and/or Backup Bidder; (ii) authorizing the Sale, pursuant to sections 363(b) and § 363(m), of the Assets to the Successful Bidder(s) (which Successful Bidder(s) shall, in accordance with the Bidding Procedures, include any Backup Bidder subsequently deemed to be a Successful Bidder) subject to the terms of such Share Purchase Agreement; (iii) authorizing the Sale of the Assets free and clear of all liens, claims, rights, encumbrances and other interests under section 363(f); (iv) authorizing the assumption and assignment of certain executory contracts pursuant to section 365; and (v) granting related relief.

*[Remainder of Page Intentionally Left Blank]*

Dated: June 30, 2025

Respectfully submitted,

COVINGTON & BURLING LLP

By: /s/ *Abigail V. O'Brient*
Abigail V. O'Brient
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4826
Email: aobrient@cov.com

MARKUS WILLIAMS YOUNG AND HUNSICKER LLC

By: /s/ *Bradley T. Hunsicker*
Bradley T. Hunsicker (WY Bar No 7-4579) 2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 303-830-0809
Email: bhunsicker@markuswilliams.com

*Proposed Counsel for the Debtor and Debtor-in- Possession Mode Eleven Bancorp*