Abigail V. O'Brient (*admitted pro hac vice*)
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4826
Email: aobrient@cov.com

Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@MarkusWilliams.com

COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
MODE ELEVEN BANCORP

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re: | ) |
| | ) |
| MODE ELEVEN BANCORP, | ) Chapter 11 |
| | ) |
| | ) |
| | ) Case No. 25-20240 |
| Debtor in Possession. | ) |

**MOTION OF DEBTOR AND DEBTOR IN POSSESSION MODE ELEVEN BANCORP TO PLACE THE DEBTOR'S FIRST DAY DECLARATION UNDER SEAL AND GRANT RELATED RELIEF**

Mode Eleven Bancorp ("Debtor"), debtor-in-possession herein, by and through its undersigned counsel, hereby files this motion (the "Motion") respectfully requesting entry of the attached proposed order placing the First Day Declaration (as defined below) under seal, with the Redacted Declaration (as defined below) to be filed publicly.[1]

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

1

In support of this Motion, the Debtor respectfully states as follows.

## JURISDICTION

1. This Bankruptcy Court (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Bankruptcy Code section 107 and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 9018.

## BACKGROUND

**A. The Petition and First Day Declaration**

4. On June 9, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No creditors' or other committee has been formed.

5. On June 9, 2025, the Debtor filed the *Declaration of John Miller in Support of Debtor's Chapter 11 Petition and Related Motions* (the "First Day Declaration") [Dkt. 6].

6. On July 2, 2025, the Debtor received a letter from the Office of the Comptroller of the Currency (the "OCC") asserting that portions of the First Day Declaration pertaining to Summit National Bank ("Summit"), which is the Debtor's wholly owned subsidiary, contained non-public OCC information (as defined under the

2

regulations that control the use and disclosure of the OCC's confidential and privileged information, 12 C.F.R. Part 4, Subpart C) (the "OCC Letter"). The OCC requested that the Debtor move to have the First Day Declaration placed under seal and replaced with a version of the First Day Declaration, in the form attached as Exhibit 1 to the proposed order submitted herewith, redacting the purported non-public OCC information (the "Redacted Declaration").

7. To accommodate the OCC's request, the Debtor respectfully requests that the Court place the unredacted First Day Declaration under seal, with the Redacted Declaration to be filed publicly.

## RELIEF REQUESTED

8. By this Motion, the Debtor requests entry of an order in the form attached herewith, pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, placing the unredacted First Day Declaration under seal with the Clerk of this Court, and with the Redacted Declaration to be filed publicly.

## ARGUMENT

9. Section 107(b) of the Bankruptcy Code provides that the Court shall issue orders that will protect entities from potential harm that may result from the disclosure of confidential information. Section 107(b)(1) provides: "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b)(1). The procedural framework of Bankruptcy Rule 9018 supports the statutory mandate of Section

3

107. Confidential commercial information, including non-public OCC information (as defined under 12 C.F.R. Part 4, Subpart C), is a category of information covered under Section 107(b)(1) of the Bankruptcy Code.

10. To qualify for protection under Section 107(b), the Debtor only needs to show that the information it seeks to file under seal is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). After a court determines that a party in interest is requesting protection of information that fits within one of the enumerated categories of Section 107, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.*

11. The OCC is the primary regulator of national banks, including Summit, with statutory authority to examine, regulate, and, in appropriate circumstances, take enforcement action against any national bank. The OCC has broad discretion under 12 C.F.R. Part 4, Subpart C to determine what confidential information their regulated institutions may make publicly available. *See* 12 C.F.R. Part 4, Subpart C; *Wuliger v. Office of Comptroller of Currency of U.S.,* 394 F. Supp. 2d 1009, 1014 (N.D. Ohio 2005) (discussing the discretion of the OCC). The OCC has determined that certain information contained in the First Day Declaration is non-public, and therefore qualifies for protection under Section 107(b) as confidential commercial information. While the Debtor disagrees with the OCC's position, given the OCC's determination and the scope of the agency's authority as Summit's primary regulator, the Debtor believes that it is in the best interest

4

of the Debtor and the Debtor's estate to comply with the OCC's request to seal the unredacted First Day Declaration.

12. In order to protect this confidential commercial information, pursuant to Section 107(b) and Bankruptcy Rule 9018, the Debtor requests that the Court enter the proposed order placing the First Day Declaration under seal, with the Redacted Declaration to be filed publicly.

**WHEREFORE**, the Debtor respectfully requests that this Court enter the attached proposed order placing the First Day Declaration under seal, with the Redacted Declaration to be filed publicly.

Dated: July 14, 2025

Respectfully submitted,

COVINGTON & BURLING LLP

By: /s/ *Abigail V. O'Brient*
Abigail V. O'Brient
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4826
Email: aobrient@cov.com

MARKUS WILLIAMS YOUNG AND HUNSICKER LLC

By: /s/ *Bradley T. Hunsicker*
Bradley T. Hunsicker (WY Bar No 7-4579) 2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 303-830-0809
Email: bhunsicker@markuswilliams.com

*Counsel for the Debtor and Debtor-in-Possession Mode Eleven Bancorp*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion and a proposed order, was filed and served this 14th day of July, 2025, upon those registered for notice via CM/ECF.

*/s/ Bradley T. Hunsicker*
Bradley T. Hunsicker