Aaron J. Conrardy, Wyo. Bar #8-6888
Wadsworth Garber Warner Conrardy, P.C.
2580 West Main Street, Ste. 200
Littleton, CO 80120
aconrardy@wgwc-law.com
Attorney for Nexo Inc.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MODE ELEVEN BANCORP, | ) | Case No. 25-20240 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## OBJECTION TO MOTION TO SELL AND NOTICE OF DESIGNATION OF BACKUP BIDDER

Nexo, Inc. ("Nexo"), by and through its counsel Wadsworth Garber Warner Conrardy, P.C., hereby objects (this "Objection") to the *Motion of Debtor and Debtor in Possession Mode Eleven Bancorp for an Order: (A) Approving the Share Purchase Agreement and Authorizing the Sale of Substantially all of the Debtor's Assets; (B) Authorizing the Sawle of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests; and (C) Granting Related Relief* (the "Motion to Sell") (Docket No. 245) and *Notice of Designation of Backup Bidder and Amended Deadline to Object to Sale Motion* (the "Notice of Designation") (Docket No. 273). In support of Nexo's Objection, it states as follows:

## BACKGROUND

1. On June 9, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Subchapter V, Chapter 11, of the United States Bankruptcy Code.

2. Paul Jordan is the duly appointed Subchapter V Trustee.

1

3. The Motion to Sell is Debtor's second attempt to sell substantially all of its assets.

4. During the first attempt, the Court approved the transaction following an auction. Docket No. 83. At the auction, Victor Remsha ("Mr. Remsha") was the successful bidder with a winning bid of $5.45 million. Docket No. 120.

5. Greg Jacobson ("Mr. Jacobson") had the third-highest bid at the auction with a bid of $3.25 million. Docket No. 112-10.

6. The sale to Mr. Remsha did not close because he did not obtain the necessary regulatory approvals. Nexo is unaware of any other reasons for Mr. Remsha's failure to close the transaction.

7. On January 5, 2026, Debtor filed the Motion to Sell in which it seeks Court approval of a sale of substantially all of Debtor's assets to Mr. Jacobson for $2 million. Docket No. 245. Notably, the proposed sale is $1.25 million less than Mr. Jacobson's bid at the competitive auction.

8. On January 28, 2026, Debtor filed the Notice of Designation in which it designated Marek E. Forysiak ("Mr. Forysiak") as a backup bidder for a purchase price of $3 million. Docket No. 273.

9. The Notice of Designation extended the deadline to object to the Motion to Sell to February 2, 2026. Docket No. 273.

10. Nexo is the holder of an allowed general unsecured claim in the amount of $1 million. Docket No. 267. Nexo is by far Debtor's largest unsecured creditor. *See* Docket Nos. 47 and 174-1.

11. According to Debtor's waterfall analysis filed with its Amended Subchapter

2

V Plan of Liquidation (the "Plan"), in September 2025, projected administrative expenses and priority tax claims totaled approximately $1.9 million and have necessarily increased since September. Docket No. 174-1.

12. Section 8.18 of the Share Purchase Agreement (the SPA") with Mr. Jacobson provides as follows:

> *Fiduciary Obligations*. Subject to the terms and conditions of this Agreement, or any document related to the Contemplated Transactions, prior to the entry of the Sale Order, neither the Company nor any of its Representatives (or the board of directors or similar governing bodies of any of the foregoing Persons), in each case, in their capacity as such, are required to take any action, or to refrain from taking any action, to the extent inconsistent with their fiduciary obligations or Legal Requirements. For the avoidance of doubt, subject to the terms and conditions of this Agreement, or any document related to the Contemplated Transactions, prior to the entry of the Sale Order, the Company retains the right to pursue any transaction or restructuring strategy that, in the Company's business judgment, will maximize the value of its estate.

Docket No. 245-1.

## LEGAL ANALYSIS AND ARGUMENT

**The Court should order a forthwith auction between Mr. Jacobson, Mr. Forysiak, and any other qualified bidders.**

13. Bankruptcy courts have both the final say on how a sale is conducted (*i.e.* private sale or public auction) and whether the buyer should be approved. Even though the SPA is a private sale, "[t]he determination as to whether to hold a public or private sale is always in the sound discretion of the Bankruptcy Court." *In re Bernhard Altmann Int'l Corp.*, 226 F. Supp. 201, 207 (S.D.N.Y. 1963) (citation omitted). Accordingly, this Court is well within its discretion to compel an auction to maximize the benefit to creditors.

14. Consistent with deciding the type of sale, bankruptcy courts are given significant discretion in deciding whether to approve sales under § 363(b). *In re Sunland, Inc.*, 507 B.R. 753, 758 (Bankr. D.N.M. 2014). Courts are given significant discretion

3

because "[a] central purpose of bankruptcy, after all, is to maximize creditor recovery." *In re Sunland*, 507 B.R. at 759. As explained in more detail in *Sunland*:

> Although the Court cannot choose between competing bids, it does "have the power to disapprove a proposed sale recommended by a trustee ... if it has an awareness there is another proposal in hand which, from the estate's point of view, is better or more acceptable." *In re Broadmoor Place Inv., L.P.,* 994 F.2d 744, 746 (10th Cir.1993). This is true even if the trustee has entered into an agreement with a buyer for the sale of an asset at a particular price. As the Tenth Circuit explained, calling such an agreement a "contract" would be "a misnomer since there can be no contract in this situation without Bankruptcy Court approval." *Id.* at 745 n. 1. In reality, such agreements "are ... binding bids." *Id. See also Catalina Development, Inc. v. Bernard R. Given II (In re Crowder),* 397 B.R. 544, 2008 WL 4228382, at *7 (10th Cir. BAP 2008) (unpublished) ("[A]bsent court approval, an agreement to sell estate property outside the ordinary course of business is not a binding contract.").

*Id.*

15. In *Sunland*, which is factually similar to this case, the trustee received a surprise offer of an additional $5 million after bidding had closed. *Id.* at 755. Unsure of what to do with the higher bid, which was unquestionably better for the estate than the winning bid at auction, the trustee sought guidance from the court. The court approved the surprise bid by applying the following factors:

> (1) the applicable bidding procedures and the reasonable expectations of bidders based on those procedures; (2) the amount of the overbid and the impact on creditors; (3) whether the new bidder acted in good faith; and [(4)] whether a sale order has been entered.

*Id.* at 759-760 (footnotes omitted).

16. Each of these factors is either neutral or justifies the Court requiring Debtor to conduct an auction to fulfill its fiduciary obligations. First, there have been no bidding procedures since the SPA is outside of the initial auction. Nevertheless, Mr. Jacobson had either actual or constructive knowledge that the Court could impose an auction if a higher

4

and better offer presented itself. This is evidenced by Section 8.18 of the SPA which implicitly contemplates such a scenario and, since Mr. Jacobson is a sophisticated buyer, he or his counsel must have been aware of applicable 10th Circuit case law (cited above) holding there is no deal until the Court approves it.

17. Second, Mr. Forysiak's $3 million offer is unquestionably better for the estate than Mr. Jacobson's $2 million offer. At $2 million the estate is either administratively insolvent or the distribution to general unsecured creditors is *de minimis*. At $3 million, however, there will be a meaningful distribution to general unsecured creditors.

18. Third, Debtor's designation of Mr. Forysiak as a backup bidder suggests he is a good faith bidder, is qualified, and is able to close the transaction. Based on information available to Nexo, Mr. Forysiak has excellent credentials and is very likely to obtain regulatory approval.

19. Fourth, no sale order has entered. So, there can be no reasonable reliance by Mr. Jacobson that he has secured the sale at $2 million.

20. Nexo, accordingly, requests that the Court compel a forthwith auction between Mr. Forysiak, Mr. Jacobson, and any other qualified bidders of which Debtor is aware. Since Mr. Forysiak has the higher offer, $3 million should be the initial minimum bid, and the Court may establish the remaining bid procedures that are similar to the initial bid procedures such as bid increment amounts, backup bidder designation, etc.

21. Alternatively, should the Court decline another auction, the Court should confirm the sale to Mr. Forysiak and designate Mr. Jacobson as the backup bidder. Since Mr. Forysiak's offer is more, and Mr. Jacobson did not honor his bid of $3.25 million at

the initial auction, it makes no sense for Mr. Forysiak to be the backup bidder. To do so is contrary to Section 8.18 of the SPA and Debtor's fiduciary duty to maximize a return to the estate.

WHEREFORE, Nexo respectfully requests that the Court compel an auction or approve the sale to Mr. Forysiak and designate Mr. Jacobson as the backup bidder, and grant such other and further relief as deemed proper.

Dated this 2nd day of February 2026.

Respectfully submitted,

WADSWORTH GARBER WARNER
CONRARDY, P.C.

*/s/ Aaron J. Conrardy*
Aaron J. Conrardy, Wyo. Bar #8-6888
Attorneys for Nexo Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 2, 2026, I served by prepaid United States first-class mail, or electronically through CM/ECF where indicated, a copy of the **OBJECTION TO MOTION TO SELL AND NOTICE OF DESIGNATION OF BACKUP BIDDER** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and the L.B.R. at the following addresses:

Mode Eleven Bancorp
133 Main Street
Hulett, WY 82720

Lacey Bryan
lbryan@markuswilliams.com

Bradley T Hunsicker
bhunsicker@markuswilliams.com

Abigail V. O'Brient
AOBrient@cov.com

Paul Arthur Jordan
paul@np3llc.com

U.S. Trustee
USTPRegion19.cy.ecf@usdoj.gov

Daniel J. Morse
daniel.j.morse@usdoj.gov

Blair Beavers Evans
bevans@bakerdonelson.com

Shane Ramsey
shane.ramsey@nelsonmullins.com

*/s/ Dorelia Tackett*
Paralegal
For Wadsworth Garber Warner Conrardy, P.C.