Abigail V. O'Brient
(*admitted pro hac vice*)
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4826
Email: aobrient@cov.com

Bradley T. Hunsicker
(Wyoming Bar No. 7-4579)
Markus Williams LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@MarkusWilliams.com

COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
MODE ELEVEN BANCORP

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MODE ELEVEN BANCORP, | ) | Chapter 11 |
| | ) | |
| | ) | |
| | ) | Case No. 25-20240 |
| Debtor in Possession. | ) | |

---

**DECLARATION OF ARJUN SETHI IN SUPPORT OF MOTION OF DEBTOR AND DEBTOR IN POSSESSION MODE ELEVEN BANCORP FOR AN ORDER (A) APPROVING THE SHARE PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER INTERESTS; AND (C) GRANTING RELATED RELIEF**

---

I, Arjun Sethi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury:

1. I am Arjun Sethi ("I" or "Buyer"). In my individual capacity, I, along with my legal and financial representatives, was involved in the negotiation of the share purchase agreement (the "SPA") between myself and the above-captioned chapter 11 debtor and debtor in possession (the "Debtor") for the sale of substantially all the Debtor's assets.

2. This declaration (this "Declaration") is submitted in support of the *Motion of Debtor and Debtor in Possession Mode Eleven Bancorp for an Order: (A) Approving the Share Purchase Agreement and Authorizing the Sale of Substantially All of the Debtor's Assets; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests; and (C) Granting Related Relief* [Dkt. 321] filed in the above-captioned chapter 11 case. Specifically, I provide this Declaration in support of a finding by the Court, pursuant to 11 U.S.C. § 363(m), that I am a "good faith" purchaser of the Debtor's assets.

3. Except as otherwise set forth herein, all statements in this Declaration are based on my own personal knowledge. If called on to testify in this matter, I can and would competently testify to the matters set forth herein.

**A. Background and Qualifications**

4. I am currently the co-Chief Executive Officer and a member of the board of directors of Payward Inc., a Delaware corporation doing business as Kraken. Kraken is a unified financial infrastructure platform whose primary business is operating an online

digital asset marketplace where clients can buy and sell digital assets. For fifteen years—since 2011—Kraken has operated one of the world's longest operating and most trusted digital asset exchanges, with a strong record of security, regulatory engagement, and compliance in multiple jurisdictions. Kraken Financial, a wholly owned subsidiary of Kraken, is licensed as a Wyoming special purpose depository institution and recently became the first institution of its kind to receive approval from the Federal Reserve to open a limited purpose master account. In my roles at Kraken, I have become experienced in operating successfully in a highly regulated environment, which is subject to comprehensive and detailed standards established by regulators including the Federal Reserve Bank of Kansas City, the Board of Governors of the Federal Reserve System, and the Wyoming Division of Banking.

5. Moreover, I have broad and diverse experience in the financial sector beyond my roles with Kraken. I am a founding partner and Chairman at Tribe Capital, a venture capital firm focused on early-stage investing in technology and cryptocurrency businesses. I also have been a founder of, and have overseen significant growth at, multiple start-up companies, including fintech, AI, and blockchain ventures such as Kapital, Nibiru, and Termina. I have invested in over 100 tech companies.

6. Accordingly, I have significant experience in the U.S. banking industry, have gained substantial U.S. banking industry knowledge, and believe I am able to gain the necessary regulatory approvals to close the proposed transaction.

**B. Buyer's Bid**

7. In the spring of 2026, I learned of the potential sale of the Debtor's assets. My team subsequently engaged with the Debtor's investment bank, Hovde Group, LLC ("Hovde"). I entered into a non-disclosure agreement with the Debtor and was granted access to a confidential virtual data room ("VDR") containing information and materials relevant to due diligence efforts. My team, in coordination with Hovde and the Debtor's other professionals and representatives, subsequently conducted due diligence and engaged in arms-length, good faith negotiations with the Debtor regarding a potential purchase of the Debtor's assets.

8. On June 3, 2026, I submitted an SPA, pursuant to which I offered to purchase the Debtor's assets for a purchase price of $5,500,000, which includes a non-refundable deposit in the amount of $750,000.

9. My offer was conditioned on the Debtor conducting a private sale of its assets.

10. The terms of the SPA were negotiated on an arm's-length, good faith basis between the Debtor and me and our respective advisors and legal counsel, based on what I believe to be the fair value of the assets subject to the SPA, without any collusion or fraud. Further, I was not a party to any agreement with any other bidder or prospective purchaser to control the sale price or discourage competitive bidding for the Debtor's assets.

11. I had no role in formulating or approving the Debtor's conduct of the sale process, the Debtor's consideration of offers, or the Debtor's negotiations with potential purchasers. Throughout the sale process, I had no contact with other parties interested in purchasing the Debtor's assets.

12. I recognize that the Debtor was free to deal with any other party interested in acquiring the Debtor's assets in accordance with the sale process managed by Hovde. In agreeing to purchase the Debtor's assets, I am not motivated by an attempt to gain an unfair advantage over, or otherwise harm, the Debtor, its creditors, or any other stakeholders.

13. All payments required to be made by me pursuant to the SPA in connection with the proposed sale have been disclosed.

14. I have not engaged in, and am not aware of, any conduct that would cause or permit the SPA to be avoided or be the basis for an award of money damages under 11 U.S.C. § 363(n).

15. I have been working internally with my counsel towards consummation of the transactions contemplated by the SPA and expect to continue that work if the transactions are approved by this Court. I intend to consummate the sale immediately following receipt of all requisite approvals from the Court and the relevant regulatory authorities.

Dated: June 3, 2026

Signed by:

Arjun Sethi

7658712C63204A5...

Arjun Sethi